

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC - 4 2018

CLERK, U.S. DISTRICT COURT
By_____
              Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ANGELA REYNOLDS,                §
                                §
            Movant,             §
                                §
VS.                             §   NO. 4:18-CV-840-A
                                §   (NO. 4:15-CR-271-A)
UNITED STATES OF AMERICA,        §
                                §
            Respondent.         §

<u>MEMORANDUM OPINION AND ORDER</u>

Came on for consideration the motion of movant, Angela

Reynolds, under 28 U.S.C. § 2255 to vacate, set aside, or correct

sentence. After having considered the motion, the government's

response, and pertinent parts of the record in Case No. 4:15-CR-

271-A, styled "United States of America v. Oscar Vasquez, et

al.," the court has concluded that the motion should be denied.

I.

<u>Background</u>

Information contained in the record of the underlying

criminal case discloses the following:

On December 9, 2015, movant was named in a one-count

indictment charging her and others with conspiracy to possess

with intent to distribute more than 50 grams of a mixture and

substance containing a detectable amount of methamphetamine, in

violation of 21 U.S.C. § 846. CR Doc.[1] 60. On January 27, 2016, movant appeared before the court with the intent to enter a plea of guilty to the offense charged without benefit of a plea agreement. CR Doc. 89. Movant and her attorney signed a factual resume setting forth the elements of the offense, the maximum penalty movant faced, and the stipulated facts supporting movant's guilt. CR Doc. 91. Under oath, movant stated that no one had made any promise or assurance of any kind to induce her to plead guilty. Further, movant stated her understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by her guilty plea; movant was satisfied with her counsel and had no complaints regarding her representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts existed as to her and were true. CR Doc. 298.

The probation officer prepared a PSR that indicated that movant's base offense level was 36 with a two-level increase for

---

[1]The "CR Doc. ___" reference is to the number of the item on the docket in the underlying criminal case, No. 4:15-CR-271-A.

importation from Mexico and a two-level increase for maintaining a premises for the purpose of manufacturing or distributing a controlled substance. CR Doc. 124, ¶¶ 33-35. She received decreases for acceptance of responsibility, giving her a total offense level of 37. Id. ¶ 43. Based on a criminal history category of VI, her guideline range was 360 month to life, but the statutorily authorized maximum sentence was 40 years, so the guideline term became 360-480 months. Id. ¶ 112. Movant filed objections to the drug quantity calculation and urged that she should receive a below-guideline sentence. CR Doc. 207. The probation officer prepared an addendum to the PSR, leaving the drug quantity calculation unchanged. CR Doc. 150. Movant again objected. CR Doc. 209. The court also allowed her to file amended and supplemental objections. CR Doc. 210. On May 13, 2016, movant was sentenced to a term of imprisonment of 275 months to be followed by a four-year term of supervised release. CR Doc. 203. Movant appealed. CR Doc. 233. Her attorney was allowed to withdraw. CR Doc. 379. And, the judgment was affirmed. United States v. Reynolds, 703 F. App'x 295 (5th Cir. 2017).

II.

### Ground of the Motion

Movant asserts one ground, worded as follows: "Counsel failed to negotiate a departure for defendants [sic] minor roll

3

[sic]." Doc.[2] 1 at PageID[3] 4. As supporting facts, movant alleges:

> Section 3B1.2's Amendment 794 provides an adjustment of 2.3.4 levels for a defendant who playes [sic] a part in committing the offense that makes him or her "substantially less culpable than the average participant." The fact that the defendant performs an essential or indispensable role in the criminal activity is not determinative. In this case the defendant was substantially less culpable than the other participants in the criminal activity and less [sic] asserts her eligibility under 3B1.2's amendment 794.

Id.

III.

Standards of Review

A.    28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause"

---

[2]The "Doc. __" reference is to the number of the item on the docket in this civil action.

[3]The "PageID __" reference is to the page number assigned by the court's electronic filing system.

4

for his procedural default and "actual prejudice" resulting from the errors.  Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors.  It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.  United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981).  In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).  Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack."  Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.    Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also

5

Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

## IV.

## Analysis

The reduction under USSG 3B1.2, as clarified by Amendment 794, applies to a defendant who was a minor or minimal

participant. To receive the reduction, the defendant must be substantially less culpable than the average participant in the criminal activity. In order to qualify as a minor participant, the defendant must have been peripheral to the advancement of the illegal activity. United States v. Anchundia-Espinoza, 897 F.3d 629, 634 (5th Cir. 2018). Simply because a defendant does less does not entitle the defendant to the reduction. One could be a courier without being substantially less culpable than the average participant. United States v. Castro, 843 F.3d 608, 612 (5th Cir. 2016). The burden is on the defendant to show both the culpability of the average participant and that she was substantially less culpable than that participant. Id. at 613.

Movant provides no factual support for the allegation that she was substantially less culpable than her co-conspirators. Her conclusory allegations are insufficient to raise a constitutional issue of ineffective assistance of counsel. Miller, 200 F.3d at 282; Green v. Johnson, 160 F.3d 1029, 1042 (5th Cir. 1998). And, in any event, the record belies her contention. Movant's factual resume reflects that "[i]n or after 2012, and ending on or about May 8, 2015, [movant] received and distributed methamphetamine in the Dallas/Fort Worth area." CR Doc. 91 at 2. Further, she "distributed ounce-sized quantities of methamphetamine to other individuals." Id. On May 8, 2015, agents seized zip-lock baggies

containing methamphetamine with a gross weight of approximately 47 grams from movant's bedroom. Id. A co-defendant was the primary source of supply of methamphetamine from Mexico. That co-defendant supplied methamphetamine to Vasquez, who distributed it to movant and three others to distribute. CR Doc. 124 ¶¶ 7-8. Movant received and redistributed at least 28 ounces of methamphetamine from the codefendant. Id. ¶ 15. After the codefendant returned to Mexico, movant generally received 4 or 8 ounces of methamphetamine one time per week or every other week. Id. ¶ 16. She also received methamphetamine from another supplier. Id. Movant was identified in Vasquez's drug ledger and telephone contacts. Id. ¶ 17. Movant brokered transactions of one pound of methamphetamine on at least four occasions. Id. ¶ 20. In addition, for eight months in 2014, she received and distributed four ounces of methamphetamine on twenty occasions and received one or two ounces of methamphetamine on four or five occasions. Id. Any suggestion that movant played a minor role in the conspiracy would have been frivolous. Failure to raise meritless objections is not ineffective assistance of counsel. United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999).

V.

Order

The court ORDERS that all relief sought by movant in her motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED December 4, 2018.

_____
JOHN McBRYDE
United States District Judge